GWYNN *v.* RUSH.

Opinion delivered March 15, 1920.

1. DIVORCE—EXTINGUISHMENT OF DOWER.—Where a divorce decree rendered in another State divested the wife of all right and title in the husband's real estate, the wife was not entitled to one-third of the husband's land in Arkansas, though Kirby's Digest, section 2684, entitles the wife to such interest upon being granted a divorce; the statute having no application to decrees rendered in other States.

2. DOWER—EFFECT OF DIVORCE.—A divorced wife is not entitled to dower.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*Morrow & Gatling,* for appellant.

A divorced wife is not entitled to dower. She is barred by the decree of divorce. 59 Ark. 441; 64 *Id.* 518-522; 111 U. S. 523. The lower court erred in its ruling, and appellees should be required to accept the deed and specifically perform the contract.

*C. W. Norton,* for appellees.

Before the decree below can be reversed, it must be shown (1) that a decree of divorce in a foreign court bars the dower of a widow in lands in this State, and (2) if barred by a foreign divorce still it must be shown that the allowance provided for by section 2684 of Kirby's Digest is not a vested interest or estate and can not be recovered by the divorced wife in a separate action. Kirby's Digest, § 2684; 43 S. W. 968; 111 U. S. 523. The decree is right and should be affirmed.

WOOD, J. About 1870 H. B. Gwynn married Pauline, his wife. Some years later he purchased a certain lot in Forrest City and was the owner thereof in 1917, when his wife secured a divorce from him in Shelby County, Tennessee.

The decree of divorce, among other things, recites: "It further appearing to the court that complainant and defendants are owners in their respective names of real and personal property, it is therefore ordered, adjudged and decreed that the property that is in the name of the complainant in Arkansas and elsewhere be decreed to her, for her sole and separate use, and that the property that title is in the defendant located in Arkansas and elsewhere is decreed to this defendant, and that any title, right and interest of homestead and dower that complainant might have in said property is divested out of the complainant and vested in the defendant."

On September 15, 1919, Gwynn entered into a written contract with J. O. Rush *et al.,* whereby he agreed to sell,

and they to purchase, the lot in Forrest City for the sum of $5,000. Gwynn was to execute and deliver to Rush *et al.* his warranty deed to the lot in Forrest City on or before October 20, 1919, whereupon they were to pay him the sum of $5,000 cash.

Pursuant to this contract Gwynn executed a warranty deed and tendered same to Rush *et al.*, who refused to accept the same, giving as a reason therefor that it was not also signed by Pauline Gwynn, his divorced wife, conveying her dower interest.

This action was brought by Gwynn against Rush *et al.* to compel them to accept the deed and pay the money.

The above are the facts upon which the court entered a decree dismissing the complaint for want of equity, from which is this appeal.

The court erred in its decree.

Our statute, section 2684 of Kirby's Digest, among other things, provides that: "In every final judgment for divorce * * *, where the divorce is granted to the wife, * * * the wife so granted a divorce against the husband shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled."

The above is a rule of practice pertaining to orders and judgments in divorce proceedings.

A divorced wife is not entitled to dower. *Wood* v. *Wood,* 59 Ark. 441; *Beene* v. *Beene,* 64 Ark. 518; *Kendall* v. *Crenshaw,* 116 Ark. 427; *Barrett* v. *Failing,* 111 U. S. 523, 28 U. S. Law. Ed. 505.

In *Barrett* v. *Failing, supra,* Mrs. Barrett, who was a citizen and resident of the State of California, instituted an action against her husband in that State for divorce and obtained a decree in her favor of absolute divorce. Barrett owned lands in Oregon. Subsequent to

the decree of divorce Mrs. Barrett instituted suit in the Federal Court of Oregon to recover an undivided one-third interest in the lands owned by her husband in Oregon.

The statute of Oregon so far as the rights of the wife are concerned in essential particulars is the same as our statute, *supra.* The Supreme Court of the United States in passing upon the Oregon statute said: "Considering that this enactment is contained in a code of civil procedure, and not in a statute regulating and defining titles in real estate; that the right conferred is a new title in fee, acquired only by virtue of this statute, and distinct from a tenancy in dower or curtesy, as at common law or under the former statute, which was only for life; that it is declared to be in addition to mainte-nance or alimony to be awarded by the court granting the divorce; that it is made the duty of that court to enter a decree in accordance with this provision; we are clearly of opinion that the statute is limited in intention and effect to divorces granted by the courts of Oregon, which are the only courts within the control of the Legislature which passed the statute. To extend the provisions of this statute to the case of a divorce obtained in another State would be inconsistent with a series of decisions of the Supreme Court of Oregon, by which it has been held that, even where the wife obtains the decree of divorce in that State, the title in fee in one-third of the husband's real property, which the statute declares she shall have and that the court shall decree to her, can not vest in her without a provision to that effect in the decree of divorce," etc.

The interpretation of the Supreme Court of the United States of the statute of Oregon is also a correct interpretation of the meaning and effect of our own statute.

It follows that the wife of Gwynn had no right or interest in the lands in controversy. The appellees, therefore, had no right to refuse to accept the warranty

deed tendered them by appellant Gwynn, because same was not signed by his divorced wife, Pauline.

The decree is therefore reversed, and the cause is remanded with directions to enter a decree in accordance with the prayer of appellant's complaint.