## SAVAGE *v.* SAVAGE.

## Opinion delivered April 12, 1920.

1. DIVORCE AND ALIMONY—INDEPENDENT ACTION FOR ALIMONY.—An independant action for alimony will lie.

2. APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—The burden is on the appellant to set an abridgment of the testimony of a witness in his abstract; and where he fails to do so, it will be presumed that the decree was correct.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This is an independent suit for alimony brought by the wife against the husband. She also asks for the custody of their daughter, nearly fourteen years of age.

The court granted her the custody of their infant daughter and also awarded her alimony in the sum of $25 monthly to continue for four months from the date of the decree. The husband has appealed.

*Starbird & Starbird,* for appellant.

1. Courts of equity have no general jurisdiction in divorce and alimony cases but only such as the statutes confer upon them. 103 Ark. 571; 104 *Id.* 387.

2. The husband has the legal right to select the family domicile and the wife is legally bound to follow him. Her refusal to do so is desertion. Long on Dom. Rel., § 63; 21 Cyc. 1150; 29 Ark. 280. The decree is clearly against the preponderance of the evidence. The same cause must be proved to entitle a litigant to divorce from bed and board as is required for a divorce from the bonds of matriony. Kirby's Digest, § 2886; 18 Ark. 320; 98 S. W. 975. The same is true as to alimony. Kirby's Digest, § 2895; 9 Ark. 517; 104 *Id.* 387; 86 *Id.* 469; 98 *Id.* 193; 129 *Id.* 205. No conduct justifies an abandonment except such as authorizes a court to grant a divorce. 90 Ark. 400; 34 *Id.* 37; 97 *Id.* 125. The decree here goes beyond the verge of safety. 38 Ark. 119-124.

The appellee, *pro se.*

1. Unless clearly against the evidence, the chancellor's findings should stand. 136 Ark. 115, 318.

2. Appellant has violated Rule 9 and has not furnished an abstract as required, and the decree should be affirmed.

HART, J. (after stating the facts). An independent action for alimony will lie in this State. *Wood* v. *Wood,* 54 Ark. 172.

Counsel for appellee has moved to affirm the decree because appellant has failed to abstract the evidence as required by the rules of this court. The correctness of the decision of the chancery court depends upon the evidence which was introduced before it.

Counsel for appellant has fully abstracted the testimony of the husband but has only stated the effect upon his mind of the testimony of the wife. This is not sufficient. We are not called upon to explore the transcript to see what the testimony of the wife was. It was the duty of appellant to set out an abridgment of the wife's testimony in his abstract and brief so that the court might form its own conclusion as to the effect of it. It was not sufficient for counsel to set out what he conceived to be the effect of her testimony. The conclusion of the court below on the facts testified to by the wife differs from the conclusion of the counsel here and it was the duty of counsel for appellant in his abstract of the facts to show that the court was in error by a succinct statement of the facts themselves rather than by his opinion of what the facts did show, and, not having done so, the presumption is that the decree was correct. *Siloam Springs* v. *Broyles,* 87 Ark. 202.

Therefore, the decree will be affirmed.