Tracy *v.* Tracy.

Opinion delivered November 30, 1931.

*A. A. McDonald,* for appellant.

*Cravens & Cravens,* for appellee.

Humphreys, J. In February, 1931, appellee was cited by the chancery court of Sebastian County, Fort Smith District, for failure to pay alimony of $7.50 per week alleged to have been adjudged against him in a divorce proceeding against him by appellant in 1927.

Appellee interposed the defense that, when the final decree was rendered in the cause on the 4th day of January, 1928, permanent alimony was not adjudged against him, and that the order allowing temporary alimony theretofore made was superseded by the final decree. Thereupon, appellant by permission of the court, amended her motion for the citation so as to pray for a *nunc pro tunc* entry in the final decree adjudging permanent alimony of $7.50 per week alleging that it was made and omitted from the original decree through oversight.

Upon a trial of the issues joined the court found that the only order made for alimony was the order allowing temporary alimony of $7.50 per week. Based

upon that finding, the court dismissed appellant's petition for a citation and amendment thereto praying for a *nunc pro tunc* order, from which is this appeal.

The attorney for appellant testified that, when the original cause was tried, the court took the case under advisement and later granted a decree of divorce and announced that the temporary order for alimony should stand. When asked why he did not include the announcement or order in the precedent prepared by him and okayed by the court and followed by the clerk in entering the final decree, he replied that he guessed he omitted it because the chancellor thought it was unnecessary to include it.

The ex-chancellor, who rendered the final decree, testified that he remembered rendering the decree, but could not recall the particulars or details in connection therewith. He gave it as his opinion, after reading the temporary order for alimony and final decree which contained no reference to alimony, that it was unnecessary to make or enter an order for permanent alimony, as the order theretofore made for temporary alimony remained in force until changed or modified.

The attorney for the appellee testified that on the final trial of the cause the court took the case under advisement, stating that he would continue the temporary order for alimony until the further orders of the court, but that he was not present when the case was finally decided and does not know what was said or done except as reflected by the written decree which contained no reference to alimony.

The rule is that, in *nunc pro tunc* orders correcting judgments or decrees so as to incorporate provisions not appearing therein, such provisions must be shown by clear and decisive evidence to have been made by the court and omitted therefrom. Applying that rule, we cannot say that the finding of the trial court is contrary to the weight of the evidence.

We cannot agree with appellant's further contention that, even though no order for permanent alimony was

made, the temporary order for alimony survived until changed or modified by the court. The general rule is that the final order and decree supersedes an order for temporary alimony. 19 C. J. page 221; 1 R. C. L. page 895. Under our statutes temporary alimony is allowed if necessity exists during the pendency of the divorce proceeding. Sections 3506 and 3510 Crawford & Moses' Digest.

No error appearing, the judgment is affirmed.