WAGSTER *v.* WAGSTER.

4-4583

Opinion delivered April 5, 1937.

T. A. French, for appellant.

Arthur Sneed, for appellee.

MEHAFFY, J. On December 8, 1932, appellee filed a complaint against the appellant, her husband, for separate maintenance. The appellant filed answer denying the allegations in the complaint, and thereafter, on February 16, 1933, the court made an order directing appellant to pay to the clerk of the court, for the use and benefit of appellee, the sum of $100, to be paid within ten days, and the further sum of $15 per month to be paid on the first day of March, 1933, and a like sum on the first day of each month thereafter, until a further order of the court.

The appellant did not pay the amount fixed by the court, and appellee collected $35.75 by garnishment proceedings, and the further sum of $14.58 for the sale of corn, under execution, making a total of $50.33. The above suit for maintenance was brought in Clay county chancery court.

Thereafter appellee filed her complaint for divorce in the chancery court of Washington county. She alleged that the appellant formerly lived in Clay county, but was a nonresident of the state, and no personal service was had on him, and he did not appear.

On August 19, 1935, the chancery court of Washington county granted an absolute divorce, and restored the appellee to her maiden name, Fannie Daniel. The decree recites that the appellant was duly notified by constructive service.

On September 28, 1935, appellee caused execution to be issued out of the chancery court of Clay county. On February 29, 1936, appellant filed a motion to quash the execution.

On April 23, 1936, the matter was heard by the chancery court of Clay county, and the motion to quash the execution theretofore issued was sustained and the court

gave judgment for the appellee against the appellant for $499.67. This appeal is prosecuted to reverse said judgment.

The following stipulation was entered into:

"It is stipulated and agreed by and between attorneys for plaintiff and defendant that the plaintiff (appellee) and defendant (appellant) herein are the same parties as the plaintiff, Fannie D. Wagster and the defendant, Bertie E. Wagster, in a cause for divorce in the chancery court of Washington county, Arkansas, certified copies of which complaint and decree are filed herein and made a part of this record.

"On September 28, 1935, and after absolute divorce, appellee secured the issuance of execution out of the chancery court of the Eastern district of Clay county for $729.26.

"On February 29, 1936, appellant filed in open court his motion to quash execution. Motion granted.

"On April 23, 1936, the court, of its own motion and without summary proceedings, rendered judgment against appellant for the sum of $499.67, from which finding and judgment this appeal is prosecuted."

It is well settled in this state that an independent action for alimony or maintenance may be prosecuted. *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459; *Harmon* v. *Harmon*, 152 Ark. 129, 237 S. W. 1096; *Wilson* v. *Pannell*, 149 Ark. 81, 232 S. W. 32; *Savage* v. *Savage*, 143 Ark. 388, 220 S. W. 459.

It is earnestly insisted, however, by the appellant that a decree for divorce which does not allow alimony, supersedes an order theretofore made for alimony. Appellant calls attention first to *Casteel* v. *Casteel*, 38 Ark. 477. In that case, however, the court stated that both parties were present by their attorneys, and that was in the same court in which the order for alimony had been made.

Appellant next calls attention to *Tracy* v. *Tracy*, 184 Ark. 832, 43 S. W. (2d) 539, in which the court said: "The general rule is that the final order and decree supersedes an order for temporary alimony," and cites

19 C. J. 221, and 1 R. C. L. 895. That is the general rule where both parties are present, and where the court has jurisdiction over both issues, divorce and alimony. It has, however, never been held by this court that the granting of a divorce, where no personal service has been had on the defendant, is a bar to the alimony granted by another court that did have jurisdiction over both parties.

In the case of *Simonton* v. *Simonton,* 40 Idaho 751, 236 Pac. 863, 42 A. L. R. 1363, this question was determined. The court in that case said: "We are justified in laying down the law to be that in this case, where a wife secured a decree of separate maintenance upon personal service, and the husband later in another jurisdiction, without bringing the former decree to the attention of the latter court, on substituted service secured a divorce, and never paid the maintenance decree or any portion thereof, the decree of separate maintenance will continue in full force and effect until directly modified and, where the former husband dies before such modification, the past due and unpaid installments of separate maintenance falling due within the period of the statute of limitations, and up to the time of his death, may be enforced by the former wife against the former husband's estate."

In the instant case the Clay county chancery court gave judgment for alimony up to the time of the granting of the decree by the Washington county chancery court. The last case mentioned is annotated, and many cases are cited.

R. C. L., after discussing the question of actions for alimony after divorce, and announcing the general rule, states: "Certain exceptions to the rule, however, necessarily arise. Thus where the divorce was obtained by the wife in a state having jurisdiction over neither the person nor property of the husband, obviously the question of alimony could not have been passed on therein, and consequently the decree does not bar a subsequent suit for alimony alone. Similarly where the husband has obtained a divorce in an *ex parte* proceeding in another

state, there being no jurisdiction of the person of the wife other than by constructive service, she may subsequently maintain a separate action for the recovery of alimony alone; for, while the court may have acquired jurisdiction of the marriage status so as to render a valid decree of divorce, it could not pass upon the question of alimony, since, as this would necessitate a decree *in personam*, personal jurisdiction of the wife was requisite." 1 R. C. L. 903.

In 19 C. J. 248, the rule is stated as follows: "In general, it may be said that if the divorce is *ex parte*, a decree for alimony may be subsequently rendered on the wife's application to the courts of her husband's jurisdiction, or those of her own, if he can be found there and personally served."

As a general rule, where a divorce is granted by a court having jurisdiction of both persons, and jurisdiction to try the question of alimony, a decree for divorce supersedes the action for alimony, but this is because the court granting the divorce has jurisdiction to try the question of alimony.

The court in Washington county never acquired jurisdiction of the appellant; he was not personally served, but served by the publication of a warning order, constructive service. Therefore, the Washington county chancery court had no power to settle the question of alimony. No personal judgment could be had against him, and since this court could not determine the question of alimony, the decree for divorce does not supersede the decree in the Clay chancery court for alimony; and not having jurisdiction of the person of the defendant, a suit for separate maintenance might be maintained thereafter if the defendant could be personally served.

The decree of the chancery court is affirmed.