RICE *v.* RICE.

4-8609        214 S. W. 2d 235

Opinion delivered October 25, 1948.

*Boyd Tackett* and *Shaver, Stewart & Jones,* for appellant.

*John Freeman* and *Curtis L. Ridgway,* for appellee.

SMITH, J. This is a suit to enforce a judgment entered in the Supreme Court of the State of New York, in and for Westchester County, on February 6, 1947. Appellant and appellee were married in New York prior to 1936, and lived together as husband and wife until prior to the month of October, 1940, when they separated and have since lived separate and apart.

Appellee instituted suit on October 16, 1940, in the Supreme Court of Westchester County, seeking separate maintenance, and a decree was entered which awarded her $10 per week. On August 3, 1943, this decree was modified in a proceeding in which the parties appeared, increasing this award to $15 per week. On various occasions contempt proceedings were instituted against appellant for his failure to pay the installments as they matured. Appellant left the State of New York November 27, 1945, and removed to this state, where he has since resided. He made payments as required by the court order rendered in a suit in which he personally appeared until December 15, 1945, since which time he has made no payments. Those payments were made by checks mailed by appellant to an address which appellee has not since changed.

The records of the New York court duly exemplified and authenticated disclose the following proceedings: A motion was filed without notice for judgment for the amount of the installments in arrears, which upon hearing was ascertained to amount to $840. Appellant did not appear.

It was ordered that appellant appear at a term of the court to be held on January 31, 1947, to show cause why an order should not be made directing the clerk of the court to enter a money judgment in favor of appellee for the amount in arrears. It was ordered "that a copy of this order and the affidavit of Josephine Rice, verified January 16, 1947, be served upon defendant Royal

A. Rice at Mt. Ida, Arkansas, (his place of residence then and now) by mailing the same to said defendant on or before the 22nd day of January, 1947, by registered, air mail, and that such service shall be deemed sufficient service thereof,'' dated January 17, 1947, and signed by a Justice of the Supreme Court.

It appears from the court records, duly exemplified and authenticated, that the notice referred to was given in the time and manner required. Indeed appellant admitted the receipt of this notice, but he was not otherwise notified. Upon proof of this notice the court ordered a docket judgment to be entered pursuant to § 171, Book II, McKinney's Consolidated Laws of New York, Annotated, p. 301.

The instant case presents a record identical in all essential respects to the case of *Dadmun* v. *Dadmun,* 279 Mass. 217, 181 N. E. 264, except that here there was a notice of the motion for the docketing order given through the mail, whereas in the Dadmun case, *supra,* there was no notice of the application for the docketing order. Headnotes in the Dadmun case read as follows:

''Judgment of sister state for money already due as alimony held entitled to full faith and credit.

''Where husband was served and appeared in suit for separation and separate maintenance in sister state in which alimony was awarded, subsequent judgment of such state entered on wife's application without service

thereof on husband for unpaid alimony held enforceable in Massachusetts.

''The judgment for arrears of alimony due and unpaid enforceable in Massachusetts, since the proceedings in which it was entered were manifestly incidental to the original suit for separation and separate maintenance, and there was no showing that under the laws of the state in which judgment was rendered that new service on or notice to the husband was required.''

It is insisted that the later case of *Griffin* v. *Griffin,* 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed. 635, impairs the

authority of the Dadmun case, *supra*. In the Griffin case the Supreme Court of New York granted a motion to docket as a judgment arrears of alimony awarded under a prior decree, and this was done without notice to the delinquent husband of any kind, of the application for the docketing order. Suit was filed in the District of Columbia to enforce the judgment of the New York court, and the relief prayed was granted and that judgment was affirmed by the Court of Appeals without opinion. This judgment was reversed upon the appeal to the Supreme Court of the United States in the Griffin case, *supra*.

The opinion in that case pointed out that the husband, if he had had notice of the motion to docket as a judgment the arrearage, would have had the right to defend under the laws of New York, on the ground that the alimony or some part of it, was not due because of the death or re-marriage of the wife; or that the obligation had been discharged by payment or otherwise; or that the circumstances had so changed as to justify a reduction of the alimony already accrued by modification of the alimony decree. For these reasons the court said: "It is plain in any case that a judgment *in personam* directing execution to issue against petitioner, and thus purporting to cut off all available defenses, could not be rendered on any theory of the state's power over him, without some form of notice by personal or substituted service."

The order to docket a judgment was not a proceeding to establish liability. That had been done in a proceeding in which appellant had appeared. It was rather a proceeding to enforce a liability already adjudged, in which appellant was directed to pay $15 each week. Service of summons as in an original suit to establish liability was not required. It was sufficient if there was some form of notice by personal or substituted service of the motion to docket the judgment and in the instant case notice was effectively given as appears from appellant's own admission that he had received the registered letter which the court order directed should be

mailed him. A footnote in the Griffin case reads as follows:

"We do not share in the apprehension that the cost .of providing such notice as will satisfy due process requirements each time a proceeding is begun to docket a judgment for an accrued installment of alimony will be incommensurately high. In various statutes New York has been able to provide for notice by mail, which is reasonably adapted to provide actual notice and inexpensive in its operation. New York Civil Practice Act, § 229-b; New York Real Property Law, § 442-g; New York Vehicle and Traffic Law, §§ 52, 52-a; see, also, *Durlacher* v. *Durlacher*, 173 Misc. 329, 17 N. Y. S. 2d 643."

The New York practice is not essentially different from our own. We held in the case of *Jones* v. *Jones*, 204 Ark. 654, 163 S. W. 2d 528, that "Since the parties to a divorce proceeding remain parties for the purposes of enforcing decrees for alimony, no additional service of process in an attempt to collect arrearage in alimony is necessary." It suffices if a delinquent husband is given an opportunity when the court attempts to ascertain the delinquency to show sufficient change in the circumstances of the parties as would effect the amount of the delinquency.

Pursuant to the New York practice the court directed that appellant be given notice by registered mail of the motion to docket the arrearage as a judgment. The New York court could do nothing more to enforce a liability adjudged in a proceeding in which appellant had appeared. The authenticated record of the proceeding in New York shows that appellant had received the registered letter, which the clerk of the court was directed to mail to him, and that the clerk entered upon the appropriate docket the judgment of $840, and it is upon this docket judgment that appellee brought suit in the Montgomery Circuit Court of this state.

Appellant insists that it was error to render judgment upon the record. First, the docket judgment was not a final judgment, for the reason that under the laws of New York he had the right to show cause, why the

judgment should be reduced or be wholly vacated in proper circumstances, and for the reason second, that he had obtained in this state an absolute divorce from appellee on March 22, 1946, and in no event could any support money be due after that date.

It is true that under the laws of the State of New York appellant had the right to show why the judgment should not be enforced for any legal reason, but it is true also that he made no attempt to avail himself of this right, and he alleges no right to have the judgment reduced or satisfied, as he paid nothing in its satisfaction and does not allege his inability to pay. While the alimony judgment is subject to modification when attempt is made to enforce it, it is nevertheless a judgment until modified and as has been said, appellant made no response to the motion to docket the judgment, notice of which had been given him in the manner heretofore stated. He made only the defenses stated that the New York judgment should not be given full faith and credit for the reasons herein stated. He does insist that the docket judgment was not properly authenticated, but we find the fact to be otherwise.

Upon the defense that appellee's right to collect her judgment was destroyed by the rendition of the decree for divorce, without provision for alimony by a decree of the Chancery Court in this state on March 22, 1946, the facts are that appellant obtained a decree for an absolute divorce without provision for alimony, but this decree was rendered upon constructive service. Under the laws of this state, as announced in the case of *Wagster* v. *Wagster,* 193 Ark. 902, 103 S. W. 2d 638, this decree upon constructive service did not destroy appellee's right to the support money under the decree of another jurisdiction. But this is a question which is governed by the decisions of the Supreme Court of the United States, and is concluded by the opinion of that court in the case of *Estin* v. *Estin,* 334 U. S. 541, 68 S. Ct. 1213, rendered June 7, 1948.

There the parties were married in New York and lived together until the wife was awarded a decree of

separation with an allowance of $180 per month as personal alimony. Thereafter the husband removed to the State of Nevada, where he obtained a decree of divorce upon constructive service, of which the wife was aware, but in which case she did not appear. The Nevada decree made no provision for alimony. After the rendition of the Nevada decree, the husband ceased making the payments ordered by the decree of the New York court. Thereupon the wife sued in New York for a supplementary judgment for the amounts of the arrears. The husband defended upon the ground that the alimony provision of the separation decree had been eliminated by reason of the Nevada decree. The Supreme Court of New York overruled this defense and granted the wife judgment for the arrears, which judgment was affirmed by the appellate division and also by the Court of Appeals. 296 N. Y. 308, 73 N. E. 2d 113.

Upon the appeal to the Supreme Court of the United States it was contended that since the Nevada decree of divorce was recognized as valid in New York, the husband was no longer obligated to support his wife. In overruling that contention it was said by Justice Douglas, speaking for the majority of the court:

"The Nevada decree that is said to wipe out respondent's claim for alimony under the New York judgment is nothing less than an attempt by Nevada to restrain respondent from asserting her claim under the judgment. That is an attempt to exercise an *in personam* jurisdiction over a person not before the court. That may not be done. Since Nevada has no right to adjudicate respondent's rights in the New York judgment, New York need not give full faith and credit to that phase of Nevada's judgment. A judgment of a court having no jurisdiction to render it is not entitled to the full faith and credit which the Constitution and statute of the United States demand. *Hansberry* v. *Lee,* 311 U. S. 32, 40, 41, 61 S. Ct. 115, 117, 85 L. Ed. 22, 132 A. L. R. 741; *Williams* v. *North Carolina,* 325 U. S. 226, 229, 65 S. Ct. 1092, 1094, 89 L. Ed. 1577, 157 A. L. R. 1366, and cases cited.

"The result of this situation is to make the divorce divisible—to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony. It accommodates the interests of both Nevada and New York in this broken marriage by restricting each state to the matters of her dominant concern."

Over appellant's objection the court admitted in evidence a deposition of appellee filed in the Montgomery County Chancery Court in the divorce case, in support of her prayer that the divorce decree granted appellant in this state be vacated upon the ground that it had been obtained by fraudulently concealing from the attorney appointed to represent her as a nonresident defendant, her address, when appellant well knew her address, but did not disclose it to the attorney for the nonresident defendant, so that the divorce was granted without notice to her that the suit was pending, thereby depriving her of the opportunity to appear and defend.

It is insisted that it was error to admit this deposition, but we do not think so as it was taken in another suit between the same parties, and involved the same subject matter. *Gulley* v. *Bache,* 98 Ark. 583, 136 S. W. 667; *McTighe* v. *Herman,* 42 Ark. 285.

But even so, the admission of the deposition in evidence was not prejudicial as the Chancery Court of Montgomery County had never acted upon the motion to vacate the divorce decree, so that the case stands upon a decree for divorce rendered upon constructive service which may or may not be valid depending upon the final adjudication as to whether or not it had been fraudulently obtained. But if the decree is valid, and it has not yet been vacated, the only effect would be to grant appellant a divorce without discharging the decree of the Supreme Court of New York, requiring him to pay the maintenance allowance. This is the point decided in the Estin case, *supra.*

Judgment was rendered against appellant for the $840 arrearage of alimony adjudged by the Supreme

Court of New York, and as we think the court had jurisdiction to hear this matter, and no showing was made that the alimony was not due or should be reduced, the judgment will be affirmed.