DOROTHY B. GLENNAN, Plaintiff, *v.* EUGENE A. GLENNAN, Defendant.

Supreme Court, Special Term, Erie County, May 12, 1950.

*Henry A. Lytle* for defendant.

*Alfred M. Kramer* for plaintiff

VANDERMEULEN, J.  A judgment of separation was granted in this action on July 16, 1948, in favor of the plaintiff and against the defendant.  Alimony in the amount of $400 was awarded to plaintiff-wife.  There were three children born of the marriage.

This is an application by the defendant to strike from the judgment the provision for the payment of alimony or, in the alternative, to vacate the judgment entirely.  There is also a prayer for general relief.

The plaintiff and the defendant intermarried in the State of Ohio on September 4, 1937, and resided in Ohio for some years thereafter.  Subsequently they moved to the State of New York,

where they resided at the time of the separation. Sometime in the month of July, 1948, the plaintiff moved to Ohio, where she resided with her parents. She is still a resident of Ohio. The defendant continued to remain and still is a resident of New York State. After having resided in Ohio for over a year, the plaintiff brought an action in the Court of Common Pleas of Licking County, Ohio, for an absolute divorce. The defendant was served by mail and publication. He did not contest or appear in the Ohio action. A judgment of absolute divorce was granted by default to the plaintiff against the defendant on or about the 30th day of January, 1950. The Ohio decree provided, among other things: "It further appearing to the court that prior to her establishing residence in this State, plaintiff instituted an action for separation against the defendant in the City of Buffalo, New York, and that as a result thereof, the court awarded custody of the minor children of the parties to the plaintiff, Dorothy B. Glennan, and further ordered the defendant, Eugene A. Glennan, to pay to the plaintiff, Dorothy B. Glennan, the sum of four hundred dollars ($400) per month, the court makes no order with respect thereto so long as said order remains in force and effect."

Under the ruling of the case of *Williams* v. *North Carolina* (325 U. S. 226) the divorce granted to the plaintiff herein is valid, since there is no question but what the domicile of the plaintiff was Ohio.

The decision in the *Matter of Holmes* (291 N. Y. 261) cited by plaintiff's counsel rested on the premises that the judgment *in rem* dissolving the marriage had not been impeached by evidence which established that the Nevada court had no jurisdiction over the *res*.

In the case of *Krause* v. *Krause* (282 N. Y. 355) a married man who, with his wife, was domiciled in this State, went to a foreign State and procured a divorce. His wife neither entered an appearance nor was personally served in that action and at all times remained a resident of this State. Subsequently he married the plaintiff in that action and lived with her as his wife for six years, when he abandoned her. In the action for separation, the defendant, as a separate defense, claimed that, inasmuch as the court which granted him the decree of divorce from his first wife never obtained jurisdiction over her, he lacked capacity to marry the plaintiff. The court said at page 359: "We come, then, to a consideration of the principle applicable in the case at bar. We cannot lose sight of the fact that the present defendant was himself the party who had

obtained the decree of divorce which he now asserts to be invalid and repudiates in order that he may now disown any legal obligation to support the plaintiff, whom he purported to marry. To refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, *but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred."* (Italics mine.)

In *Harris* v. *Harris* (197 App. Div. 646) a decree of separation was entered in favor of the plaintiff on December 12, 1918, which provided for payment of alimony. On November 30, 1920, the plaintiff obtained a decree of divorce in Nevada. There was no appearance by the defendant. Defendant ceased paying alimony. In a proceeding to punish for contempt because of the failure to pay alimony, the court said at page 648: " The appeal from the order granting defendant's motion to relieve him of further obligations to support his wife was based upon the ground that the absolute divorce which the plaintiff obtained in Nevada terminated the marital status of the parties and relieved the defendant from further obligations to support his wife. We are of the opinion that the court also properly disposed of that motion. (*Gibson* v. *Gibson*, 81 Misc. Rep. 508; *Starbuck* v. *Starbuck*, 173 N. Y. 503)".

In the instant case, the plaintiff cannot avoid the effect of her divorce in Ohio which she brought about.

I disagree with the defendant's contention as to the power of this court to make any direction with respect to future alimony. He contends when the marital *res* was destroyed by the Ohio divorce, there resulted a lack of jurisdiction, as those words are used in section 1170-a of the Civil Practice Act and furthermore, the children are within the jurisdiction of the Ohio court, and by its judgment, the Ohio court has reserved its right and power to make such an order with respect to said children and to the direction for support payments. The decree, as stated before, of the Ohio court, affected the *rem* with respect to terminating the marriage. The defendant, not having appeared in the case, I seriously question the power of the Ohio court to make any alimony provisions.

One of the questions now before this court, is " How far-reaching is the Ohio decree of divorce which was granted in favor of the plaintiff? "

In *Estin* v. *Estin* (296 N. Y. 308) a wife, in October, 1943, had obtained a judgment of separation from her husband based on his abandonment, whereby she obtained an award of permanent alimony. The husband removed to Nevada, where, in May, 1945, he obtained a final decree of divorce without an award of alimony, from his wife, on the ground of three years' continued separation without cohabitation. The wife failed to respond to constructive service made on her in New York State. The defendant then stopped payment of the alimony arrears and the wife sought to recover such. The court said (pp. 312–313):

" We have then this situation: The full faith and credit clause commands us to accord recognition to so much of the Nevada decree as pronounced the dissolution of the marriage; and the only remaining question is whether the Nevada decree must also be taken to have cancelled the alimony provision made for the wife through the prior judgment in this New York separation action.

" A divorce decree (whether foreign or domestic) granted by a court having jurisdiction of the persons of both parties may very well be held to override any incongruous alimony provision of an earlier domestic judgment of separation. (See *Scheinwald* v. *Scheinwald,* 231 App. Div. 757; *Richards* v. *Richards,* 87 Misc. 134, affd. 167 App. Div. 922; *Holmes* v. *Holmes,* 155 F. 2d 737.) But the *res judicata* principle of the cases just cited — that as between two conflicting adjudications the last must control — has no application where, as in the present case, the court which granted the last judgment was without jurisdiction of the person of the defendant (cf. *Miller* v. *Miller,* 200 Iowa 1193; *Wagster* v. *Wagster,* 193 Ark. 902; 2 Freeman on Judgments [5th ed.], § 629). For like reasons of estoppel, a wife who procures a foreign divorce decree may in that way perhaps relieve her husband from any further obligation to support her."

The United States Supreme Court, in affirming the Court of Appeals of New York, in *Estin* v. *Estin* (334 U. S. 541, 549) in speaking of the action of the Nevada court, succinctly said: " That is an attempt to exercise an *in personam* jurisdiction over a person not before the court. That may not be done."

The decree of the Ohio Court in the instant case was an adjudication in rem but not in personam. So far as the marriage is concerned, it no longer exists, but the decree does not and cannot affect the alimony provisions of the New York State judgment.

In *Caldwell* v. *Caldwell* (298 N. Y. 146) the higher court reversed the judgment of the Appellate Division, which decreed the plaintiff to be the lawful wife of defendant and directed that she be separated from the defendant but stated at page 153: " Under the provisions of that section [Civ. Prac. Act, § 1170-a], had the trial court refused to grant a judgment of separation for the reasons indicated in this opinion, the court might nevertheless have made the provision which it did for the custody, care and maintenance of the child of plaintiff and defendant."

If the highest court of this State decreed to the extent above mentioned in the preceding paragraphs, surely, in the instant case, this court can deny further payment of alimony to the plaintiff and yet modify the alimony part of the judgment and provide for the care and maintenance of the children.

The prayer of the defendant to strike from the judgment the provision for payment of alimony, so far as the wife is affected, is granted, but denied as to any amount necessary for the care and maintenance of the children.

An order may be entered in accordance with this opinion and further providing that a hearing be had as to the future payments to be made for the care and maintenance of the children, either before this court or before an Official Referee appointed upon the stipulation of the attorneys for the parties hereto.