SMITH *v.* SMITH.

5-2929                                    365 S. W. 2d 247

Opinion delivered February 18, 1963.

[Rehearing denied March 25, 1963.]

142

*F. C. Crow,* for appellant.

No brief filed for appellee.

PAUL WARD, Associate Justice. Pursuant to a petition filed by appellant herein (Minnie Hazel Smith) the Chancery Court of Nevada County, on December 1st, 1958, ordered appellee herein (James Leslie Smith) to pay her $18.75 per month for maintenance. No divorce was asked, and there were no minor children involved. **The record discloses that** appellee, after being cited for non-payment once or twice, made all payments up to (at least) November 13, 1961.

**On the last mentioned date** the Chancery Court of Miller County granted appellee a divorce from appellant. Appellant was served with notice of the divorce proceedings and was present when the decree was rendered, but made no objections of any kind, and did not prosecute an appeal from the decree. The decree states that appellant sought no affirmative relief. In other words, appellant did not ask Miller County Chancery Court **to grant** her alimony or maintenance.

Later, on April 2, 1962, appellant filed a petition in the Chancery Court of Nevada County to punish appellee for failure to make the maintenance payments for the first three months of 1962. The trial court refused to hold appellee in contempt, stating:

". . . there is no further liability on the part of the Defendant, to pay any other or further alimony to the Plaintiff herein, and he is relieved of any and all liability of any and all kinds, by reason and virtue of the Decree of Divorce heretofore granted in the Chancery Court of Miller County . . . "

In prosecuting an appeal from the above order, appellant relies on two points for a reversal which we now discuss.

*One.* It appears to be the contention of appellant that the Miller County Court, in the divorce proceeding, had no jurisdiction to grant or deny alimony to her since the Nevada County Court had already made her a monthly allowance of $18.75 for maintenance. In Mr. Smith's complaint for divorce (in Miller County) there appears this allegation: ". . . the Defendant is gainfully employed and has an income of her own and that she is not entitled to any alimony or money judgment of any kind against this Plaintiff." In her answer to the above allegation Mrs. Smith pleaded *"res judicata"*, stating the matter had already been adjudicated by the Nevada County Court. The Miller County Court granted Mr. Smith an absolute divorce but did not grant any alimony to Mrs. Smith.

Appellant does not question the jurisdiction of the Miller County Court to grant the divorce, and, since she was personally served, it must be admitted the court had jurisdiction over her person. If Mrs. Smith had asked the Miller County Court for alimony or maintenance the court had jurisdiction to grant or deny the same. In the case of *Tracy* v. *Tracy,* 184 Ark. 832, 43 S. W. 2d 539 we said "The general rule is that the final order and decree supersedes an order for temporary alimony. . . ." In *Wagster* v. *Wagster,* 193 Ark. 902, 103 S. W. 2d 638, we cited and approved the above statement or rule, and then went on to state:

"That is the general rule where both parties are present, and where the court has jurisdiction over both issues, divorce and alimony. It has, however, never been

held by this court that the granting of a divorce, where no personal service has been had on the defendant, is a bar to the alimony granted by another court that did have jurisdiction over both parties.''

It follows from what we have heretofore said that the trial court was correct in refusing to hold Mr. Smith in contempt of court for refusing to continue the monthly payments of $18.75.

*Two.* In her brief appellant says it is felt that the Second Division Chancellor had no authority to issue any type of order on July 26, 1962. The order referred to is the one (signed by ''Ben Shaver, Chancellor Second Division'') refusing to hold Mr. Smith in contempt. Appellant concedes that Judge Shaver was Chancellor of the Second Division of the Nevada County Chancery Court. Appellant's objection is based on an instrument signed by the Chancellors of the First and Second Divisions purporting to assign the trial of cases in the Second Division to the First Division after July 1, 1962. We find no merit in this contention. In the first place the transfer agreement was for the convenience of the two chancellors, it does not purport to increase or diminish their jurisdiction, and they were at liberty to waive or change its provisions at any time. Moreover, appellant made no objection to the presiding chancellor during the entire trial. We are reluctant to believe the chancellors meant for one of them to try a case and for the other one to decide it.

Affirmed.