Marial Oxford KNIGHTON *v.* J. T. KNIGHTON

75-286                                    533 S.W. 2d 215

Opinion delivered March 1, 1976

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Robinson & Robinson,* for appellee.

George Rose Smith, Justice. The parties to this suit, formerly husband and wife, are residents of Louisiana, where their divorce was granted. The basic question in the case is whether the wife can, after the termination of the Louisiana divorce proceeding, obtain in a separate suit in Arkansas a statutory interest in land owned by the husband in this state. Ark. Stat. Ann. § 34-1214 (Repl. 1962). The chancellor correctly held that the Louisiana divorce decree is a bar to such a suit in Arkansas.

Only a few facts are really pertinent. The couple were married in 1945. In July of 1973 the husband brought suit in

Louisiana for separation from bed and board. In August the husband obtained such a decree, and the parties agreed upon a settlement of their Louisiana property, with no mention of the husband's land in Arkansas. In June of 1974, while the couple were legally separated, the wife brought this suit in Arkansas to enjoin her husband from disposing of his Arkansas land until her marital interest in it should be determined. In November the Louisiana court granted the wife an absolute divorce, a step that appears to be merely formal and perfunctory after the separation from bed and board has continued for more than 12 months. Finally in April of 1975, the trial court entered its decree in the case at bar, denying the wife's claim to an interest in her former husband's Arkansas land.

If the parties had been residents of Arkansas and the divorce decree had been rendered here, it cannot be doubted that the wife's present claim would not have been maintainable. It was held in *Gwynn* v. *Rush,* 143 Ark. 4, 219 S.W. 339 (1920), that the statute relied upon by the appellant is a rule of practice to be applied in divorce proceedings. After the divorce the wife cannot invoke it. In *Taylor* v. *Taylor,* 153 Ark. 206, 240 S.W. 6 (1922), we noted that great confusion and uncertainty would result if the wife could assert such a property right after the divorce had been granted. If she had that right, as we observed, upon the husband's remarriage both wives would be in a position to claim dower. Hence we declared in *Dawson* v. *Mays,* 159 Ark. 331, 252 S.W. 33, 30 A.L.R. 1463 (1923), that "an allowance in lieu of dower must be made in the divorce proceeding, and cannot be made in a subsequent proceeding."

The appellant argues two grounds for distinguishing this case from our earlier decisions. First, it is suggested that the rule adopted in *Gwynn* v. *Rush, supra,* was changed in 1953, when the legislature amended Ark. Stat. Ann. § 34-1214. As we read the amendment, however, it simply expanded the property rights of certain nonresident wives in Arkansas divorce cases. The statute is still, as it was in *Gwynn,* a rule to be applied in Arkansas divorce proceedings.

Second, the appellant argues that she could not have

asserted in the Louisiana case her claim to an interest in her husband's Arkansas property. That argument is without merit, because even though the Louisiana court could not by its decree directly affect the title to land in Arkansas, it could achieve the same result by requiring the husband to execute a deed to that land. *Phillips* v. *Phillips,* 224 Ark. 225, 272 S.W. 2d 433 (1954). As a matter of public policy, in a divorce case the entire dispute about the division of the couple's property ought to be determined in one proceeding. Not only is comparative fault a proper matter for consideration, but also the division of, for example, the property in Arkansas may be affected by the division of property in other states. (The appellant is mistaken in assuming that she has an absolute right to a life estate in a third of her husband's property under the Arkansas statute, because that allowance may be reduced even when the wife is the injured party. *Alexander* v. *Alexander,* 227 Ark. 938, 302 S.W. 2d 781 [1957].) It is apparent that in order for the Arkansas property to be divided fairly in the present proceeding, it would probably be necessary for the original divorce case to be retried in its entirety. Similar useless retrials would be necessary in other states where the couple owned land. Hence strong reasons of policy support the conclusion that all questions at issue in a divorce case should be decided in one proceeding, in one court. That opprtunity was available to the appellant in the Louisiana case, ut she elected not to take advantage of it.

Affirmed.