Mary Belle WOODS *v.*
Edwin P. WOODS, Jr.

84-260                    686 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Guy Jones, Jr., P.A.*, for appellant.

*Richard L. Smith, P.A.*, by: *Daniel R. Carter*, for appellee.

ROBERT H. DUDLEY, Justice. The issue on appeal is whether a former wife may maintain an action for alimony and marital property against her former husband, notwithstanding a valid absolute divorce previously procured by the wife in a foreign jurisdiction, solely upon constructive service.

Mary and Edwin Woods were married for 31 years. During the marriage Edwin retired from the Air Force after 20 years of service and moved to Faulkner County. Mary filed suit for divorce in Faulkner County on March 15, 1983. Edwin filed an answer and indicated that he would contest the action. Mary dismissed her complaint on August 12. Four days later, on August 16, she filed suit for divorce in New Mexico. Edwin made a special appearance and objected

to personal jurisdiction. The New Mexico court ruled that it had jurisdiction over marital status but had no personal jurisdiction over Edwin. Mary later registered the New Mexico decree in Faulkner County and by this independent action sought alimony and to divide the marital property. The trial court held that Mary did not have an independent cause of action. We reverse.

The New Mexico decree granting a no-fault divorce is valid and entitled to full faith and credit recognition as terminating the marital status of the parties without a determination of fault. A division of marital property and an award of alimony were not at issue in the foreign jurisdiction. The foreign court did not have jurisdiction over both parties. See *Knighton* v. *Knighton,* 259 Ark. 399, 533 S.W.2d 215 (1976). No provision of the Federal Constitution compels this Court to recognize the foreign no-fault divorce as terminating the spouse's cause of action for marital property or alimony. *Pawley* v. *Pawley,* 46 So. 2d 464, (Fla. 1950), 28 A.L.R.2d 1358, *reh'g. den.* 47 So. 2d 546, *cert. den.* 340 U.S. 866.

Mary voluntarily left the state of matrimonial domicile, Arkansas, and at the time of the divorce and at the time of the filing of this action was a resident of New Mexico. Edwin has been a resident of Arkansas at all material times. Neither party contests the application of the law of this forum. See Morris, *Divisible Divorce,* 64 Harv. L. Rev. 1287 (1951).

In *Bowman* v. *Worthington,* 24 Ark. 522 (1867), a case almost identical to the one at bar, this Court held that the right to maintain a proceeding for alimony cannot survive a dissolution of marriage. The rationale was that alimony after divorce was entirely dependent upon statutory law, and the "peculiar phraseology of our statute" provides for alimony only "when a decree shall be entered." That statute, Arkansas Statute Ann. § 34-1211 (Supp. 1983), remains unchanged. However, twenty-four years later, in *Wood* v. *Wood,* 54 Ark. 172 (1891), we noted that a different statute, § 34-1201, contemplated two separate actions, either alimony or divorce. That statute provides: "The action for alimony or divorce shall be by equitable proceeding." In

*Wood,* Justice Hemingway wrote: ". . . the act contemplated two separate actions, and the legislature did not use the term 'action for alimony or divorce,' as the equivalent of 'action for divorce, or action for divorce and alimony'." *Id.* at 177. Since *Wood, supra,* we have consistently held that Ark. Stat. Ann. § 34-1201 provides that an independent action will lie for alimony. See e.g. *Savage* v. *Savage,* 143 Ark. 388, 220 S.W. 459 (1920); *Harmon* v. *Harmon,* 152 Ark. 129, 237 S.W. 1096 (1922). Also, since *Wood, supra,* we have not followed the *Bowman* statutory interpretation that alimony may be awarded only as an incident to divorce. However, all of the cases deal with alimony before divorce or as an incident to it. Ordinarily, a separate suit for alimony after a final decree of divorce is granted will not be successful because of the doctrine of res judicata. See *Boyles* v. *Boyles,* 268 Ark. 120, 594 S.W.2d 17 (1980). However, by applying the concept of divisible divorce, it becomes apparent that the doctrine of res judicata is not applicable to the issue of alimony in this case. Only Mary and the marital status were before the foreign court. That court had no jurisdiction over either Edwin or the issue of alimony. Therefore, in determining whether a separate action will lie for alimony after divorce, we only need to interpret our statute, quoted above. It simply refers to an "action for alimony or divorce." It makes no distinction between before or after divorce, and so we must construe the statute as authorizing the action at either time. "It is a rule in this State, long and well established, that where a limited jurisdiction is conferred by statute, the construction ought to be strict as to the extent of the jurisdiction, but liberal as to the proceeding." *Wood,* 54 Ark. at 178. Moreover, the statute at issue is a part of the original civil code. "The rule of common law that statutes in derogation thereof are to be strictly construed shall not be applied to the Code. The provisions of the Code, and all proceedings under it, shall be liberally construed, with a view to promote its object and to assist the parties in obtaining justice." Ark. Stat. Ann. § 27-131 (Repl. 1979). Accordingly, we interpret Ark. Stat. Ann. § 34-1201 as allowing an independent proceeding for alimony when alimony could not have been considered in the divorce action. The trial court erred in summarily dismissing the action for alimony.

Similarly, that part of the complaint which asked for a division of marital property should not have been summarily dismissed. Prior to 1977, the Supreme Court of the United States ruled that spouses must be treated equally in the absence of a valid reason for making a distinction. In response, in 1979, the General Assembly enacted the law which created "marital property." Ark. Stat. Ann. § 34-1214 (Supp. 1983). The legislation was intended to create a new form of property, and we must construe the act in harmony with that intent. The statute defines marital property as all property acquired by either spouse subsequent to the marriage with exceptions not important here. All marital property is to be divided equally unless a court finds that division is inequitable. The statute mandates that courts of this state divide marital property upon granting a divorce. This concept of the division of marital property requires that marital property be divided even when a divorce is granted upon constructive service in a foreign state. An independent action will lie for the division of marital property.

Appellant also contends that the trial court erroneously refused to compel answers to interrogatories. There is no merit in the argument. Rather, we note that Rule 33(e) provides that the cost of answering interrogatories may be assessed against a party who propounds an unnecessary number of interrogatories.

Reversed and remanded.

HICKMAN, J., dissents in part and concurs in part.

DARRELL HICKMAN, Justice, dissenting in part; concurring in part. This is not the first time Arkansas has recognized the concept of divisible divorce. In *Rice* v. *Rice*, 213 Ark. 981, 214 S.W.2d 235 (1948), we held that a husband who had obtained an Arkansas divorce upon constructive service and without provision for alimony was not allowed to assert the divorce as a bar to the wife's action for arrearages arising from a prior New York decree for separate maintenance of which the husband had had notice. The doctrine of divisible divorce was developed in *Estin* v. *Estin*, 334 U.S. 541 (1948), a case which had very close facts to the *Rice* case and which we used as precedent there.

I have no quarrel with the doctrine. In both of the above cases, however, there were support orders entered prior to the divorce. Whether the rule should be extended to a case where there is no prior order of support is a question not presented by this case. There has been a divergence of views when that question has been presented. See Morris, *Divisible Divorce,* 64 Harv. L. Rev. 1287 (1951).

Under these facts I do not believe that the concept of divisible divorce should be applied, because to do so would ignore the policy reason underlying the concept. The reason for the development of the rule, that a valid foreign ex parte divorce terminates the marital status but not the right to alimony, is that the state of the spouse entitled to support has a legitimate interest in protecting the abandoned spouse from being left impoverished and becoming a public charge. See *Estin* v. *Estin, supra,* at 547.

Mrs. Woods is not an abandoned spouse. She was in a state which had jurisdiction over both her and her husband, she filed the divorce action here, but then voluntarily chose to dismiss the action and obtain the divorce in another state. She sought a forum where she knew she could not get an *in personam* judgment against her husband without his consent. It was her right to obtain a divorce quickly and without having to prove fault. However, she should not be allowed to return and litigate the issue of alimony under the concept of divisible divorce. She had the chance and by her own action abandoned that opportunity.

Similar reasoning was relied upon in *Glennan* v. *Glennan,* 197 Misc. 899, 97 N.Y.S.2d 666 (Sup. Ct. 1950) where the court refused to apply the doctrine of divisible divorce, holding that a wife who changes her domicile to obtain a valid ex parte divorce in another state cannot enforce a prior New York support order because by her conduct she had forfeited her right to support. The court stated, "The plaintiff cannot avoid the effect of her divorce in Ohio which she brought about." See also *McFarlane* v. *McFarlane,* 43 Ore. 477, 73 P. 203 (1903).

Nor do I agree that the fact that Arkansas allows an

"independent action for alimony" not incident to divorce dictates this result. Our cases have held that an action for alimony can be maintained where no divorce is sought or where one was sought but not granted. See *Wood* v. *Wood*, 54 Ark. 172 (1891); *Savage* v. *Savage*, 143 Ark. 388, 220 S.W. 459 (1920). The independent cause of action for alimony is now called an action for "separate maintenance." See *Rosenbaum* v. *Rosenbaum*, 206 Ark. 865, 177 S.W.2d 926 (1944). Those holdings and our recognition of the cause of action for separate maintenance have no bearing on this case where the wife's own conduct prevented litigation of the alimony issue.

The majority cite those holdings to interpret Ark. Stat. Ann. § 34-1201 as allowing a proceeding for alimony before or after divorce. They say they are liberally construing the statute "to assist the parties in obtaining justice." I'm confused as to which reason the majority actually relies on but none of those reasons (Arkansas having a cause of action for separate maintenance, liberal construction of the statute, or the concept of divisible divorce) allow the result reached here under these facts.

This is an opinion which will be relied upon to uphold forum shopping by divorce litigants and will cause some divorce proceedings to be endless. See *Knighton* v. *Knighton*, 259 Ark. 399, 533 S.W.2d 215 (1976).

I concur with that part of the opinion which allows the appellant to claim property rights.