Albert Neil WOMACK *v.* Judy R. WOMACK

CA 84-403                                    697 S.W.2d 930

Court of Appeals of Arkansas
Division I
Opinion delivered October 16, 1985

*Hoover, Jacobs & Storey*, by: *O. H. Storey, III*, for appellant.

*Rice, Batton, Pierce & Swift, P.A.*, by: *Ben E. Rice*, for appellee.

MELVIN MAYFIELD, Judge. This case involves an award of alimony. The appellee was granted a decree of separate maintenance in September of 1981. At that time there were two minor children. The parties had entered into a written property settlement agreement shortly before the separate maintenance decree was granted. The agreement contained provisions whereby the appellant husband was to pay the appellee wife the sum of $200.00 per month child support and $400.00 per month alimony. When each child reached age 18 the child support was to reduce by $100.00 and the alimony was to increase by $100.00. The agreement provided that it was a "full and final and complete settlement" of all property rights "to be settled for separate maintenance purposes," that it could be incorporated in any decree of legal separation, and "in the event it is converted to a divorce action, the same terms would be incorporated in a divorce decree."

Three years later the appellee filed a suit for divorce on the grounds of personal indignities and three years separation. Appellant filed an answer and counterclaim alleging that since the entry of the separate maintenance decree he had been injured in an automobile accident and was now totally and permanently disabled and unable to pay the alimony as provided in the settlement agreement. He also alleged that the appellee was able bodied and held a responsible and lucrative job.

At trial, appellant testified in support of the physical and financial condition alleged in his answer and counterclaim, but the trial judge stated he was holding that the property settlement was an enforceable agreement. The court granted appellee a divorce and incorporated the property settlement agreement and made it a part of the decree. In this appeal, the appellant argues that the trial judge erred in thinking he was bound by the terms of the agreement. On the other hand, the appellee argues that the trial court was correct in thinking that the agreement was an independent contract that could not be modified.

The briefs are largely devoted to a discussion of when a property settlement agreement is an independent contract that cannot be modified by the court. However, we do not think that this is the real issue in the case. We agree with the appellant's contention that we are not concerned with the modification of an

agreement in this case, but with the authority of the court to make an *initial* award of alimony when a divorce decree is entered. Therefore, we deal with that issue only.

In *Pryor* v. *Pryor*, 88 Ark. 302, 114 S.W. 700 (1908), the court said: "The court is not, in the first instance, bound by the agreement of the parties concerning the amount of alimony to be allowed to the wife." The court explained the matter in this way: "This is so because the court is moved to action by principles of justice and equity, and is not bound to follow the agreement of the parties against what appears to be the justice of the case."

In *Bachus* v. *Bachus*, 216 Ark. 802, 227 S.W.2d 439 (1950), the court said:

> The parties to a divorce action may agree upon the alimony or maintenance to be paid. Although the court is not bound by the litigants' contract, nevertheless if the court approves the settlement and awards support money upon that basis there is then no power to modify the decree at a later date.

The language quoted above from the *Pryor* case was also quoted with approval in *Holmes* v. *Holmes*, 186 Ark. 251, 53 S.W.2d 226 (1932), and the language quoted above from *Bachus* was quoted with approval in *Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W.2d 660 (1970). *See also McCue* v. *McCue*, 210 Ark. 826, 197 S.W.2d 938 (1946).

It is true, of course, that the court had awarded alimony in the separate maintenance decree, but we do not think that the refusal to follow that allowance in the divorce decree would constitute a modification of the separate maintenance decree. In *Smith* v. *Smith*, 236 Ark. 141, 365 S.W.2d 247 (1963), the court had awarded the wife alimony in a separate maintenance decree entered by the Chancery Court of Nevada County. Later, the Chancery Court of Miller County granted the husband a divorce and that decree made no provision for the payment of alimony. After the entry of the divorce decree, the wife filed a petition in the Nevada Chancery Court seeking to punish the husband for his failure to make the maintenance payments in accordance with that court's decree. The court refused to hold him in contempt saying there was no further liability to make those payments because of the divorce decree entered by the Miller Chancery

Court. The Supreme Court rejected the wife's plea of *res judicata* and affirmed the Nevada Chancery Court's decision. *See also Myers* v. *Myers*, 226 Ark. 632, 294 S.W.2d 67 (1956).

■ The early case of *Pryor* v. *Pryor, supra*, pointed out that a statute in effect at that time provided that "when a decree (for divorce) shall be entered, the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case may be reasonable." That same provision is in our current statute (although it provides that alimony may also be awarded to the husband). *See* Ark. Stat. Ann. § 34-1211(A) (Supp. 1985). *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980), sets out some of the considerations involved in deciding the alimony issue under this statute. *But see Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982) (holding that marital misconduct is not, as a general principle, a permissible consideration in the determination of the alimony award).

■ In the instant case, although the divorce decree states that the court finds the property settlement agreement to be fair and equitable, it is apparent that the chancellor thought he was bound by the agreement as to alimony and gave no consideration to the question of whether, from the evidence, alimony should be allowed and, if so, in what amount. While the usual practice in appeals from chancery is to end the controversy by rendering judgment in this court on our de novo review of the record, under all the circumstances in this case and considering the time that has elapsed since the trial before the chancellor, we think it best to exercise our discretionary authority to remand. *See Pickens* v. *Stroud*, 9 Ark. App. 96, 653 S.W.2d 146 (1983).

Reversed and remanded for further proceedings consistent with this opinion.

CRACRAFT, C.J., and GLAZE, J., agree.