## STATE vs. MILLER.

*Construction of statute — Jurisdiction conferred by implication.*

1. Though an unfounded assumption by the legislature that a particular juris-diction existed, might not alone be sufficient to create it, yet when the jurisdiction is assumed to exist and *explicit provision made as to the mode of its exercise,* this carries with it, by implication, jurisdiction of the pro-ceedings so regulated.

2. A justice of the peace in the city of Racine has jurisdiction of actions for violations of the city ordinances, including that in relation to the sale of liquors without license.

CERTIFIED from the Circuit Court for *Racine* County.
*Paine & Millett,* for defendant.
*John C. Spooner,* Assistant Attorney General, for the state.

PAINE, J.    The defendant was sued before a justice of the peace in Racine city, for violating the city ordinance against selling liquor without a license.   He objected that the justice had no jurisdiction, and, having appealed to the circuit court, he pleaded guilty, but procured a certificate to this court of the questions, whether the prosecution was under the ordinance, and, if so, whether the justice had no jurisdiction.

There is no room for doubt that the complaint was under the ordinance.   The ordinance is quoted in it, and the offense is expressly alleged to have been committed in violation of its provisions.

In respect to the other question, there is barely room to say, that there seems to be no express provision of law conferring, in so many words, on justices of the peace in that city, general jurisdiction of all offenses for the violation of city ordinances. But I think the jurisdiction is conferred by necessary implication.

It may, perhaps, be conceded that the provisions of section 61, chapter 98, Pr. and Local Laws of 1861, relate only to offenses

State vs. Miller.

for which a summary arrest is authorized, being such as tend or amount to a direct breach of the peace or good order of the city; and that a sale of liquor without license could not, strictly speaking, be included in that class, although the ordinance prohibiting it is, in a general sense, designed to promote the good order of the city; and that, therefore, jurisdiction could not be claimed under the express provision of that section. Still, the provisions of sections 64, 65 and 68, which expressly assume the jurisdiction to exist, and regulate the mode in which the proceedings shall be conducted, are sufficient to confer it by necessary implication, if there is nothing else from which it can be derived. They provide the forms for proceedings for any violation of the city ordinances, which forms expressly indicate the justices of the peace of the city as the tribunals authorized to take cognizance of the complaints; they provide that where the offender is arrested without warrant, the justice may proceed upon the complaint; that the punishment prescribed by the general statutes or the ordinances of the city shall be imposed on the person convicted; and regulate the executions to be issued. Even though an unfounded assumption by the legislature that a particular jurisdiction existed, might not alone be sufficient to create it, yet where the jurisdiction is assumed to exist, and explicit provision made as to the form and mode of its exercise, the authority to proceed in that form and mode carries with it, by necessary implication, jurisdiction of the proceedings.

*By the Court.* — The questions certified by the circuit judge must be answered in the affirmative, and the cause remanded with directions to the circuit court to proceed to judgment against the defendant.