## WOOD v. WOOD.

Decided January 31, 1891.

1.  *Divorce—Residence of plaintiff.*

    The statute which provides that the plaintiff, to obtain a divorce, must allege and prove a residence in the State for one year next before the commencement of the action (Mansf. Dig., sec. 2562) contemplates *actual*, not constructive, residence on the part of the plaintiff, and applies to actions for divorce from bed and board, as well as from the bonds of matrimony.

2.  *Alimony—Residence.*

    The condition of a year's residence on the part of the plaintiff is prescribed in actions for divorce only; not in the independent action for alimony.

3.  *Alimony—Statutory action.*

    An independent action for alimony will lie in this State. Whether the remedy existed at common law or not, the section of the code (sec. 2559 of Mansf. Dig.) which provides that "the action for alimony or divorce shall be by equitable proceedings" sufficiently manifests a design to incorporate such an action into the system of remedies in use in the State.

APPEAL from *Pulaski* Chancery Court.

DAVID W. CARROLL, Chancellor.

Suit for divorce by Mary J. Wood against Henry Wood. The complaint alleged (1) indignities to plaintiff's person which rendered her condition intolerable, and (2) desertion without cause; and that plaintiff had been an actual resident of the State and county for two months, and that defendant had been a resident of the State for several years. Prayer for divorce from bed and board and for alimony. The complaint was dismissed for lack of actual residence for the statutory period on the part of the plaintiff, who has appealed.

*Caruth & Erb* for appellant.

1. The domicile of the wife follows the husband. 4 Dutch., 516; 11 Pick., 410; 5 Cold., 60; 27 Miss., 704; 36 Me., 428; 8 Greenl., 203; 11 Allen, 199; 2 Bish., Mar. & Div., secs. 129, 157 (5th ed.); 30 Ill., 180; 3 Cal., 312; 20 Ala., 629; 9 Wall., 108.

2. The year's residence is not necessary in a suit for separation from bed and board. Sec. 2562, Mansf. Dig. See also sec. 2559 *et seq.* Under these sections a separate suit for alimony may be maintained, as to which the year's residence is not requisite. 80 Ky., 364. Our law has changed since 24 Ark., 533.

*J. M. Moore* for appellee.

1. Mansf. Dig., sec. 2562 contemplates a year's *actual* residence. The suit must be brought in the county of the wife's residence. Sec. 2558. The rule that the domicile of the wife follows that of the husband does not apply to proceedings for divorce. 14 Pick., 181; 2 Jones, Eq., N. C.; 35 N. H., 474; 34 *id.*, 518; 4 R. I., 107–8; 39 Wisc., 657; 24 Ind., 359; 21 How., 582; 9 Wall., 123–4; 13 N. J. Eq., 280; 9 Greenl., 140; 6 Mo. App., 50; 25 Mo., 68; Bish. Mar. & Div. (5th ed.), secs. 125, 128.

2. Alimony has no common law existence as a separate independent right. It is an incident to some other proceeding, as for divorce. 24 Ark., 533; 38 *id.*, 125; 2 Bish. Mar. & D., ch. 23, sec. 350 *et seq.*; 3 Pom. Eq.

3. The statutes of this State cannot be construed so as to give courts of equity jurisdiction of suits for alimony separate from proceedings for divorce. Mansf. Dig., ch. 52; 4 Litt., 206; 3 Dana, 29; 80 Ky., 364. Section 2562 applies equally to proceedings for divorce *a miculo* and *a mensa et thoro.*

HEMINGWAY, J. On motion of the defendant, the court below dismissed this action, for the reason that the plaintiff had not been a resident of the State for one year next before its commencement. The plaintiff contends that the judg-

ment was wrong for three reasons: 1st. Because the defendant had been a resident of the State for one year next before the commencement of the action, and in law his residence was her residence. 2d. Because the condition of residence prescribed by the statute applies only to actions for divorce from the bonds of matrimony. 3d. Because the plaintiff was entitled to maintain her action for alimony alone, irrespective of her place of residence.

1. Residence of plaintiff in suit for divorce. The statute provides that proceedings for divorce shall be in the county where the complainant resides. Mansf. Dig., sec. 2558. We think it contemplates actual, and not constructive, residence. The contention of the plaintiff would make the statute mean that all actions for divorce shall be prosecuted in the county of the husband's residence. If the legislature had intended that such should be the law, it would have manifested its intent in more direct terms. It would not have reached that result by providing for the proceeding in the county of the plaintiff's residence, with the idea that, when the wife sued, her residence would be fixed by that of her husband. We cannot attribute to it an intent to express its will in terms so indirect. Most laws regulating the action for divorce, from wise considerations of public policy and a just regard for the proper preservation of the relation of marriage, provide that the proceeding shall be had in the county where the complaining party has a fixed residence, of duration in time deemed sufficient to furnish evidence of the merits of the complaint and of the integrity of life of the complaining party. Such was the purpose of our statute.

The prescribed condition of residence, by the express terms of the statute, applies to all actions for divorce, and is not confined to those prosecuted to dissolve the bonds of matrimony.

Can the plaintiff prosecute an independent action for alimony without divorce?

2. Residence in suit for alimony. Alimony is defined to be the allowance which a husband, by order of the court, pays to his wife, being separate from

him, for her maintenance. 2 Bish., Mar. & Div., sec. 351. It has been extended by statute to include an allowance made by the court on dissolving the bonds of matrimony.

It was provided in the revised statutes that the circuit court in chancery "shall have jurisdiction in all cases of divorce and alimony, or maintenance," meaning divorce and alimony, or divorce and maintenance. Rev. Stat., chap. 51, sec. 3. While the jurisdiction was thus regulated, this court held that a wife could not maintain an independent action for alimony, but that the right existed and could be enforced only as an incident to some other right which she was asserting, as for instance a right to divorce. *Bowman* v. *Worthington*, 24 Ark., 522. Such ruling was in harmony with the language of the statute which conferred jurisdiction of cases of divorce and alimony, only mentioning alimony as an incident to the action for divorce and as definitive of its scope.

Although that ruling was in harmony with the statute, and followed in the line of many English and American cases, it antagonized others; for there were some English and very many American cases that recognized a broader jurisdiction in courts of equity, and sustained the right of the wife to sue in equity for alimony alone, where her husband separated himself from her without cause and without furnishing for her a reasonable support. The good sense and reason of the latter cases so commended their doctrine to Judge Story, that he recorded his regret that it had not been generally adopted. 2 Story, Eq., 1423a. Mr. Schouler, who seems to have found the doctrine more generally received than Judge Story thought it, says as to it: "In general, if a wife is abandoned by her husband, or refused cohabitation, without fault on her part, and being left without adequate means of support, a bill in equity will lie to compel the husband to support her, without asking for or procuring a decree of divorce." Schouler, H. & W., sec. 485. The right to maintain the independent action has been sometimes affirmed, but generally denied, in the chancery courts of England. It is said by some courts that the denial has been occasioned

by an excess of caution on the part of the chancery courts, lest they trench upon the jurisdiction of the ecclesiastical courts. The courts of Maryland sustained the jurisdiction before the independence of the States, and other courts adopted the rule as cases were presented that called for expression. Such jurisdiction has been entertained, on the ground that it is the duty of a husband to provide suitable maintenance for his wife, and the law affords no remedy to enforce a performance of the duty. *Glover* v. *Glover*, 16 Ala., 440; *Butler* v. *Butler*, 4 Litt. (Ky.), 202; *Purcell* v. *Purcell*, 4 Hen. & Mun., 507; *Jelineau* v. *Jelineau*, 2 Des. (S. C.), 45; *Prather* v. *Prather*, 4 *id.*, 33; *Garland* v. *Garland,* 50 Miss., 694; *Verner* v. *Verner*, 62 Miss., 262; *Galland* v. *Galland*, 38 Cal., 265; *Graves* v. *Graves*, 36 Ia., 310; *Jamison* v. *Jamison*, 4 Md. Ch. Dec., 289; *Hewitt* v. *Hewitt*, 1 Bland (Md.), 101; *Dailey* v. *Dailey*, Wright (Ohio), 514; *Bascom* v. *Bascom*, Wright, *sup.*, 632; *Richardson* v. *Wilson*, 8 Yerg. (Tenn.), 67; Stewart, Mar. & Div., sec. 179; Browne's Div. & Alimony, p. 268.

In Canada and a number of the American States, statutes have been adopted that authorize the independent action where a wife, without fault on her part, is left without means of support.

This much is said of the state of the law, not with the view of considering the merits of the question on which the courts have divided, but to gain whatever light may be reflected from it upon provisions, cognate to the matter, enacted with the code of civil procedure. It provides (sec. 456) that "The action for alimony or divorce shall be by equitable proceedings." The next section, referring to the proceeding for divorce only, provides that the statements of the complaint shall not be taken as true because of the defendant's failure to answer. The next section relates only to the conditions upon which a plaintiff may obtain a divorce. The next provides that during the pendency of an action for divorce or alimony the court may allow maintenance, etc. And the act continues with provisions that could have no proper

place in proceedings for alimony, and are proper in proceedings for divorce, and they are by their terms made applicable only to the action for divorce. It thus appears that the act vests in courts of equitable cognizance the jurisdiction of actions for alimony or divorce; that its provisions which would be properly applicable only to actions for divorce are in express terms thus restricted; while those that would properly apply in either action are by their terms made to extend to each. For example, the provision that the allegations of a complaint shall not be taken as true for want of an answer, is confined to actions for divorce; it is not extended to the action for alimony, for the reason, as we may infer, that it is necessary, as a matter of public policy, in one action, and wholly unnecessary in the other. In one action marriage ties might be too lightly severed if proof were not exacted; in the other there is no danger that the undutiful or improvident husband will fail to deny all false allegations prejudicial to his interests, or that his interests or the interests of society will suffer if undenied allegations are taken as true without proof. So as to the action which prescribes a year's residence in the State as a condition of the right to sue—it only applies to the action for divorce, and its reasons would extend it no further. It is manifestly good policy to close the portals of our courts against strangers who would come into them only to cast off marital obligations that weigh heavily or rest uneasily upon them; but it would conserve no useful policy to exclude from our courts those who seek the enforcement of marital obligations without any impairment of the relation. So the provision that regards the comfort of the wife pending the action extends to each action, for its reason operates equally in each. It thus seems that the act contemplated two separate actions, and that the legislature did not use the term, "action for alimony or divorce," as the equivalent of action for divorce, or action for divorce and alimony.

The act plainly confers jurisdiction of the action for alimony on courts of equity, and the allotment of the jurisdic- 3. Statutory action for alimony.

S C—12

tion implies that there is such an action as that alloted. Does the act give the independent right and provide a remedy for its enforcement?

It might be argued that the act manifests a legislative mistake as to the law, but that this does not change the law to conform to the mistaken conception. But we think it does more; it not only implies an opinion that an independent action existed, but manifests an intent that such action shall exist and be prosecuted by equitable proceeding.

In a case involving a similar question, the Supreme Court of the United States, through Mr. Chief Justice Marshall, said: " It is true that the language of the section indicates the opinion that jurisdiction existed in the circuit court, rather than an intention to give it; and a mistaken opinion of the legislature concerning the law does not make law. But if this mistake is manifested in words competent to make the law in future, we know of no principle which can deny them this effect. The legislature may pass a declaratory act, which, though inoperative on the past, may act in future. *Postmaster General* v. *Early*, 12 Wheat., 136–48; Endlich., Int. Stat., secs., 372–76; *State* v. *Miller*, 23 Wis., 634.

Courts of equity have jurisdiction to allow alimony, if not in an independent proceeding, at least in actions for divorce. There is no doubt as to their power to grant the relief, and the only question is as to the proceeding to obtain it. It is a rule in this State, long and well established, that where a limited jurisdiction is conferred by statute, the construction ought to be strict as to the extent of the jurisdiction, but liberal as to the mode of proceeding. *Russell* v. *Wheeler*, Hemp., 3. Moreover, the code fixes the rule for its own construction, as follows: " The provisions of this code, and all proceedings under it, shall be liberally construed, with a view to promote its object and to assist the parties in obtaining justice." Mansf. Dig., sec. 6362.

When we consider the question in accordance with that rule, the legislative intent to confer jurisdiction of an inde-

pendent action appears sufficiently manifest to become effective as the law. We think the act was designed to in-corporate the action for alimony into the system of remedies in use in this State, and that by the term, "action for ali-mony," was intended the action then in use in those chan-cery courts that held that such an action was maintainable in equity.

It follows that the judgment dismissing the bill was erro-neous, and that the plaintiff was entitled to prosecute her action for alimony to a final hearing.

The judgment will be reversed, and the cause remanded for further proceedings.