McLaughlin *v.* McLaughlin.

4-4437

Opinion delivered November 23, 1936.

208

*Owens & Ehrman* and *E. L. McHaney, Jr.*, for appellant.

*Chas. B. Thweatt*, for appellee.

BUTLER, J. Appellant and appellee are husband and wife, having been married on November 4, 1931, and have resided since their marriage in the city of Hot Springs. On the 25th day of April, 1936, Mrs. McLaughlin came to Little Rock. She filed her complaint in the Pulaski chancery court, praying for divorce from her husband, for temporary alimony, suit money, and attorney's fees. Appellant filed a motion to dismiss plaintiff's complaint on the ground that the Pulaski chancery court was without jurisdiction to try the cause. This plea to the jurisdiction was based upon the allegation that plaintiff was not a resident of Pulaski county, but that both she and appellant were, at the time the suit was filed, residents of the city of Hot Springs and Garland county, and had been for more than one year prior to the institution of appellee's action for divorce. The motion was submitted upon evidence adduced, and the court denied the motion and assessed certain sums as temporary alimony, suit money, and attorney's fees, and this appeal followed.

The sole question presented is whether the appellee, Florence McLaughlin, was a resident of Pulaski county within the meaning of § 3502, Crawford & Moses' Digest, at the time her suit was filed.

We are committed to the rule which is supported by the great weight of authority that a wife may acquire a separate domicile from that of her husband and, at that domicile so acquired, may institute proceedings against her husband for divorce. *Wood* v. *Wood,* 54 Ark. 172, 15 S. W. 459; *Wood* v. *Wood,* 140 Ark. 361, 215 S. W. 681. Section 3502, Crawford & Moses' Digest, lays the venue for divorce proceedings in the county "where the complainant resides." No certain length of time is necessary to fix the residence contemplated by the statute, but that residence must be such with the attendant circumstances surrounding its acquirement as to manifest a *bona fide* intention of making it a fixed and permanent place of abode. Keezer on Marriage and Divorce, 2d

edition, page 323. The law relating to this subject was laid down by this court in the case of *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459, as follows: "Most laws regulating the action for divorce, from wise considerations of public policy and a just regard for the proper preservation of the relation of marriage, provide that the proceeding shall be had in the county where the complaining party has a fixed residence, of duration in time deemed sufficient to furnish evidence of the merits of the complaint, and of the integrity of life of the complaining party. Such was the purpose of our statute."

Measured by this rule, we think the circumstances of this case fail to establish the residence of the appellee in Pulaski county. The parties to this action had been married a little over four years. They lived at the Kingsway Hotel and occupied the same room until November, 1935. They then occupied adjoining rooms, until about the 24th of April, 1936, when Mr. McLaughlin obtained a room at the Hotel Como. The next day Mrs. McLaughlin went to Little Rock. The only property of hers that she brought with her was her wearing apparel suitable for the season. The remainder of her clothing, with her other personal effects, was left in her room at the Kingsway, upon which she had caused to be placed a special lock. She retained the key and advised the manager of the hotel, at some time between April 25 and May 17, not to allow any one to be admitted to the room. The hotel had no key to it and the manager assured her that her room would not be molested. On the 5th day of May, 1936, she filed her suit, and on or about the 17th of May she returned to Hot Springs, had her belongings packed and removed from the hotel and surrendered her key. She testified that it was her intention when she left Hot Springs to abandon her home there and that she came to Little Rock for the purpose of bringing suit for divorce. She was asked this question: "Is it your intention when this suit is terminated to live in Little Rock?" She answered: "I like Little Rock; I haven't any home; I would just as soon live here as any place." She further stated that it was her intention to live in Little Rock.

We think this evidence, with the attendant circumstances, is not sufficient to show a *bona fide* intention at the time Mrs. McLaughlin came to Little Rock, to permanently remain in Pulaski county, but rather, as she frankly admitted, the residence she had established was for the purpose of bringing her action for divorce. We are cited by appellee to the case of *Squire* v. *Squire*, 186 Ark. 511, 54 S. W. (2d) 281, as sufficient authority under the facts of this case to establish a domiciliary intent. That case arose under what is commonly known "as the 90-day divorce law." This act in no way altered the laws of divorce relating to residents of this state, but merely provided that a residence in the state for two months before the commencement of the action and for three months before final judgment was sufficient to give the court of this state jurisdiction in divorce proceedings. The rule announced by this court in *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459, *supra*, has not been altered or departed from in any subsequent case and is controlling in the instant case. The court below had no jurisdiction to hear the instant case or to make any orders relating thereto, and its decree is hereby reversed and the case dismissed.