FELDMAN v. FELDMAN.

4-7021                                    169 S. W. 2d 866

Opinion delivered March 22, 1943.

*George K. Cracraft* and *Dinning & Dinning*, for appellant.

*E. Chas. Eichenbaum*, for appellee.

McFADDIN, J.   From a decree granting the wife (appellee) a divorce and alimony, there is this appeal. The parties were married in 1936 in Pulaski county, Arkansas, (where appellee then lived) and they lived together in Phillips county, Arkansas, until July 2, 1942. Appellee returned to Pulaski county, and on July 3, 1942, filed suit for divorce in Pulaski county, claiming it as her residence; and alleging indignities as the grounds of divorce. On this appeal, the decree of the chancery court is assailed on two grounds, which we now discuss.

1.   The Jurisdiction of the Pulaski Chancery Court.

The parties had lived in Phillips county for six years, when, on July 2, appellee announced her intention of returning to Pulaski county and suing for a divorce.

The venue statute (§ 4383 of Pope's Digest) provides: "The proceeding shall be in the county where the complainant resides, and the process may be directed in the first instance to any county in the state where the defendant may then reside." There is no time requirement to constitute *residence* in a divorce case like the one here involved; so residence is a question of intention and fact. The plaintiff (appellee) returned to Pulaski county, her former home, and claimed it was her intention to remain there. The chancery court found Pulaski county to be her residence, and we are unable to say that this finding was erroneous. The McLaughlin case (193 Ark. 207, 99 S. W. 2d 571) is not in point: for in that case there was no intention to reside in the county where the suit was filed. Neither does act 355 of 1941 apply here, because the appellee was a resident domiciled in this state when the act took effect (see § 12), and for the further reason that the said act does not regulate residence as between two counties in this state.

### 2.  The Cause of Action for Divorce.

The only ground of divorce alleged was that of indignities, which is the fifth ground of § 4381 of Pope's Digest. There was some slight evidence of the husband's failure to go to dances and picture shows with his wife, but this neglect is not the basic reason for the divorce sought in this case. The supposed ground of divorce is because of incompleted marital relations, which the appellee claims to have been the fault of the appellant; but after a careful review of all of the evidence, we reach the conclusion that the fault was that of the appellee. It would serve no useful purpose to put on the printed page, for the perusal of the curious, the intimate bits of evidence in the record, and this we now refrain from doing. Suffice it to say that the records shows: that the appellant was a strong, able-bodied man, normal in every respect; that he provided his wife with a nice home, servants, clothes, spending money, an automobile, a horse, kept up an annuity for her, paid doctors' bills and hospital bills, and that any failure of a happy and completed marriage was her fault rather than his. We can

determine the case only from the evidence; and based on the evidence, we find that the decree of the chancery court was erroneous.

The decree is reversed, and the cause is dismissed.

SMITH, McHANEY and HOLT, JJ., dissent.