SMITH *v.* SMITH

4-9660                                         245 S. W. 2d 207

Opinion delivered January 21, 1952.

*H. A. Tucker* and *Roy S. Dunn,* for appellant.

*Jeptha A. Evans,* for appellee.

MINOR W. MILLWEE, Justice. The chancellor found that appellee was a resident of the Southern District of Logan County, Arkansas, within the meaning of Ark. Stats., § 34-1204 at the time she instituted the instant suit for divorce against appellant. The sole question presented is whether such finding is against the preponderance of the evidence.

The parties were married at Hot Springs, Garland County, Arkansas, in 1928. They were living in Saline County in 1940 when appellee contracted pulmonary tuberculosis and entered the State Sanatorium at Booneville in the Southern District of Logan County. After remaining in the sanatorium for two years, appellee returned home for four and one-half years. The parties were living at Hot Springs in 1947 when appellee returned to the sanatorium where she has since been a patient. Appellee has been permitted to return to Hot Springs for short visits. On such occasions appellant would drive to Booneville and return appellee to Hot Springs where she would remain until the expiration of her leave of absence at which time appellant would take her back to the sanatorium.

Appellee obtained a ninety-day leave of absence and returned to Hot Springs with appellant on April 7, 1951, where she remained until May 8, 1951, when appellant brought her back to the sanatorium. The next day appellee moved to a hotel in Booneville and filed the instant divorce suit.

The evidence is in sharp dispute as to the facts and circumstances surrounding the last visit to Hot Springs and appellee's purpose in making the trip. The effect of her testimony is that she was then afflicted with tuberculosis of the bone and had been advised by her doctor to stay near the sanatorium. She so informed appellant and made the last trip in an effort to persuade him to buy a place near Booneville. They looked at some places near Booneville and appellant said he would return to Booneville later and try to find a suitable place. Instead, appellant insisted on buying a farm fifteen miles from Hot Springs which was without gas or water. On account of the condition of her health, appellee felt that she could not move to the Garland County farm. A quarrel resulted when she refused to join in a mortgage on two dwellings in Hot Springs which they owned jointly in order to finance the purchase of the Garland County farm. They also quarreled over rentals received from their Hot Springs property on the last visit.

Appellee also testified to previous trouble growing out of appellant's alleged attentions to other women over a period of years and stated that the question of divorce had been discussed for more than a year. She also testified that she intended to remain in Logan County permanently so that she could be near the sanatorium, but she could not say definitely whether she would remain at the hotel, or just where she would stay, until some provision was made for her maintenance. The State paid her expenses while she was in the sanatorium.

Appellant denied any knowledge of appellee's desire or intent to remain near the sanatorium. He admitted that they looked at places around Booneville and stated that appellee wanted to buy a farm, but did not specify any certain location. He also denied there had been any

discussion about a divorce and stated that the service of the summons in this suit was his first notice of appellee's intentions. On the last return trip to Booneville appellee took only such personal effects as she usually carried on such trips. She denied telling appellant that she would probably call him to bring her back to Hot Springs on the following Sunday.

The statute (§ 34-1204, *supra*) fixes the venue of an action for divorce "in the county where the complainant resides." We have uniformly construed the residence requirements of the statute to mean domicile. *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459; *McLaughlin* v. *McLaughlin*, 193 Ark. 207, 99 S. W. 2d 571; *Hillman* v. *Hillman*, 200 Ark. 340, 138 S. W. 2d 1051; *Feldman* v. *Feldman*, 205 Ark. 544, 169 S. W. 2d 866. In the McLaughlin case we said: "No certain length of time is necessary to fix the residence contemplated by the statute, but that residence must be such with the attendant circumstances surrounding its acquirement as to manifest a *bona fide* intention of making it a fixed and permanent place of abode."

In the Feldman case we held residence to be a question of intention and fact. There the parties married in Pulaski County where plaintiff then lived. They had lived together in Phillips County for six years when plaintiff returned to Pulaski County and, on the next day, filed suit for divorce in the Pulaski Chancery Court. We upheld the chancellor's finding that plaintiff was a resident of Pulaski County within the meaning of the statute. A different result was reached in the McLaughlin and Hillman cases where the evidence was held insufficient to show an intention on the part of the plaintiff to remain permanently in the county chosen as a forum.

A close question is presented as to whether appellee in good faith intended to abandon Hot Springs as her place of abode and make the Southern District of Logan County her permanent home. In cases where the testimony is conflicting and evenly balanced, and the chancellor hears and observes the witnesses, we treat his findings on questions of fact as persuasive. Tested by this

rule, we cannot say that the chancellor's finding is against the greater weight of the evidence.

Affirmed.