COLE *v.* COLE.

5-2285                                                      343 S. W. 2d 561

Opinion delivered March 6, 1961.

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Mehaffy, Smith & Williams* and *R. Ben Allen,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal questions the jurisdiction of the Pulaski Chancery Court in a divorce action. Viola Cole, appellee, instituted suit against appellant, Richard L. Cole, on July 25, 1960, seeking an absolute divorce, and care and custody of the minor child of the parties, Larry Louin Cole. The complaint sought suit money, attorneys' fees, and a reasonable amount for maintenance for appellee and the child during the pendency of the action. Appellant filed a motion to dismiss the complaint, alleging, that Mrs. Cole was at all times a resident of Woodruff County, Arkansas, was not domiciled in Pulaski County at the time of filing the complaint, and the Pulaski Chancery Court had no jurisdiction of the subject of the action. Upon hearing, the court overruled the motion to dismiss, ordered appellant to immediately pay to appellee the sum of $200, and further directed that Mr. Cole pay to Mrs. Cole the sum of $700 per month for temporary support while the action is pending. From the order so entered, appellant brings this appeal. The sole point relied upon for reversal[1] is that Viola Cole was not a resident of Pulaski County, Arkansas, within the meaning of § 34-1204,[2] Ark. Stats., (1947) Anno., and "the trial court had no jurisdiction of the cause."

The proof in the record consisted only of the testimony of the parties to the action.[3] The evidence shows that Mr. and Mrs. Cole were married in Kountz, Texas, on January 19, 1947; that following the marriage, they moved to Arkansas, near Cotton Plant, in Woodruff County. The parties continued to reside in the latter location until August, 1959, when Mrs. Cole went to

---

[1] The amount of award is not questioned.

[2] § 34-1204. "The proceedings shall be in the county where the complainant resides, and the process may be directed in the first instance to any county in the State, where the defendant may then reside."

[3] Of course, corroboration was not necessary to enable Mrs. Cole to obtain the temporary order; likewise, her physical presence in Pulaski County was not questioned; only her intent to make it her home.

Little Rock, rented an apartment at Rivercliff, and filed suit for divorce. After about six weeks, a reconciliation was effected, the suit was dismissed, and Mrs. Cole returned to her husband's home in Woodruff County. In May, 1960, the parties again separated, and Mrs. Cole returned to the Rivercliff Apartments in Little Rock, filing a divorce action in June of that year. The parties again were reconciled, the suit dismissed, and appellee returned to Cotton Plant. On July 10th, Mrs. Cole packed her car, and again left her husband, driving to Little Rock with the five year old son; suit was instituted some two weeks later. According to her testimony, appellee moved to Little Rock because she could no longer live with her husband, could not find a suitable place in Woodruff County, and "if we were in Cotton Plant, we would be thrown together, and Mr. Cole would be there all the time, and I don't think we would be out of our confusion, and I think it is better on the child." She further stated that her choice of Little Rock for her residence and home was also somewhat influenced by the fact that Little Rock is not too far from Cotton Plant, and Mr. Cole is able to visit with the boy. Mrs. Cole testified that she had often visited in Little Rock, was familiar with the city, and had friends located there. She stated that her brothers and sisters in Texas were all married, with their own homes, and that she desired to remain in Arkansas. The evidence reflects that Mrs. Cole and the son live at Coolwood Apartments, where she has a six months lease with an option to renew; she has opened a bank account, purchased a poll tax, and opened some charge accounts; has moved her church letter to the Pulaski Heights Methodist Church, and has enrolled her son in the Pulaski Heights Kindergarten.

Appellant states that Mrs. Cole's actions "speak louder than her testimony, and clearly reflect her intent. Prior to this, Mrs. Cole had left on two previous occasions, and caused a divorce action to be filed in Pulaski County, but on these two occasions, and within a few weeks, she effected a reconciliation, and returned to their home in Cotton Plant." He points out that her

intention to make Little Rock her home lasted only so long as she stayed away from Mr. Cole; further, that she only brought a small part of her wearing apparel from Cotton Plant to Little Rock with her. Appellant argues that the evidence is insufficient "to show a *bona fide* intention at the time Mrs. Cole came to Little Rock, to permanently remain in Pulaski County, but rather, the residence she established was for the purpose of bringing her action for divorce." He insists that this case is controlled by our decision in *McLaughlin* v. *McLaughlin*, 193 Ark. 207, 99 S. W. 2d 571.

We do not agree. Appellee, in her brief, points out some twelve factual differences between the *McLaughlin* case and the one at Bar. To mention a few, Mrs. McLaughlin was not living with her husband at the time she left Hot Springs and went to Little Rock, (both were living in the same hotel, but occupied different rooms), while here, the parties were occupying the same premises before Mrs. Cole left Cotton Plant. The McLaughlin record does not indicate that Mrs. McLaughlin sought, or obtained, any sort of permanent residential facilities, nor that she made any effort to participate in community affairs. Mainly, Mrs. Cole testified that she came to Little Rock with the intention of making this her home, and gave her reasons therefor, while Mrs. McLaughlin, when asked the question, "Is it your intention, when the suit is terminated, to live in Little Rock?", answered, "I like Little Rock; I haven't any home, I would just as soon live here as any place." In that case, we said, "No certain length of time is necessary to fix the residence contemplated by the statute, but that residence must be such with the attendant circumstances surrounding its acquirement as to manifest a *bona fide* intention of making it a fixed and permanent place of abode." See also *Feldman* v. *Feldman*, 205 Ark. 544, 169 S. W. 2d 866. Here, we think the attendant circumstances are consistent with Mrs. Cole's stated intentions. Certainly, there is no significance in the fact that she had previously made two trips to Little Rock and instituted suit, subsequently returning to Cotton Plant, for where else would

a wife go but to her husband's home when a reconciliation was effected? Mrs. Cole explained that she did not take all of her personal articles because there was not sufficient room in the car. It is noticeable that in addition to clothing for herself and the boy, she also took dishes, linens, and household items that would be used in an apartment.

In *Smith* v. *Smith*, 219 Ark. 876, 245 S. W. 2d 207, involving the same question, we held that "where the testimony is conflicting and evenly balanced, and the Chancellor hears and observes the witnesses, we treat his findings on questions of fact as persuasive." Here, we feel that the preponderance of the evidence clearly supports the findings of the Chancellor.

Affirmed.

McFADDIN, J., dissents in part and concurs in part.

ED. F. McFADDIN, Associate Justice, concurring and dissenting. I agree that the award of $700.00 per month to Mrs. Cole was proper and should be affirmed; but I cannot agree with that part of the majority opinion which holds that Mrs. Cole has proved that she is a resident of Pulaski County.

The majority opinion says, "The proof in the record consisted only of the testimony of the parties to the action." Thus, the opinion shows on its face that there was no corroboration of Mrs. Cole's testimony as to residence. Section 34-1208, Ark. Stats., says that the plaintiff must *prove* residence; and we have a long line of cases which hold that a divorce will not be granted upon the uncorroborated testimony of a party. See *Goodlett* v. *Goodlett*, 206 Ark. 1048, 178 S. W. 2d 666; *Wood* v. *Wood*, 232 Ark. 812, 340 S. W. 2d 393; and cases there cited. The effect of the majority opinion is to allow Mrs. Cole to proceed with her divorce suit with this opinion as full authority for her residence; and she will have established, without corroboration, one of the essentials for maintaining a divorce suit. By this "two-step" proceeding, she will have evaded our holdings which require corroboration. It is for this reason that I dissent.

Nevertheless, I would affirm the award of $700.00 per month to Mrs. Cole because I would treat this proceeding for temporary alimony as a suit for separate maintenance, which is a transitory cause of action. Separate maintenance may be awarded without corroborating evidence. See *Wood* v. *Wood,* 54 Ark. 172, 15 S. W. 459; *Gilliam* v. *Gilliam,* 232 Ark. 765, 340 S. W. 2d 272; see also, generally, 27 Am. Jur. 25, Husband and Wife, § 419.