Antoinette R. BACHMAN *v.* David S. BACHMAN

81-71                                          621 S.W. 2d 701

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*Davidson, Plastiras, Horne, Hollingsworth & Arnold, P.A.*, by: *Cyril Hollingsworth*, for appellant.

*Laws & Swaim, P.A.*, by: *Ike Allen Laws, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. This divorce case involves the issues of venue and division of marital property. The parties moved to Arkansas in 1965 and since then have been domiciled here. There home was located in Russellville in Pope County. Their marriage reached the breaking point and on numerous occasions they discussed divorce. On April 16, 1980, appellee, David Bachman, made arrangements, unknown to his wife, to rent an apartment in Dardanelle, which is in Yell County and also made arrangements to have some movers transfer his furniture to that apartment upon notice. On Sunday, April 20, the parties had a heated argument and they agreed that Antoinette Bachman would file for the divorce. She asked appellee to move out of the

home but he refused. On Wednesday, April 23, he left their home around 8:00 a.m. ostensibly to go to work. Instead of going to work he called his attorney and the movers. They moved some of his household furnishings four miles to the apartment in Dardanelle. At 10:00 a.m. he filed suit for divorce in Yell County, which is in a different judicial district from Pope County. Appellee, a physician and surgeon, continues to practice medicine at the same clinic in Russellville. He intends to remain a resident of Yell County and has contracted to buy a home there. There is very little dispute about the facts and the venue issue was timely raised. The Chancellor held that appellee had established residence in Yell County, and we affirm.

Among our divorce statutes, Ark. Stat. Ann., Title 34, Chapter 12 (Repl. 1962 and Supp. 1981), there are two separate residence statutes. One deals with jurisdiction and the other deals with venue. The jurisdictional residency statute, § 34-1208, requires a waiting period by one party or the other for sixty days before the commencement of the action and three full months before the granting of the decree. Residence in that statute is defined in § 34-1208.1. This jurisdictional statute was complied with as the parties have lived here for fifteen years.

The second residency statute, the venue statute, is the one at issue in this case. The proper county of venue is where the complainant resides. § 34-1204. We have interpreted this venue statute to mean domicile. *Smith* v. *Smith*, 219 Ark. 876, 245 S.W. 2d 207 (1952). No particular length of time is required for the establishment of residence, pursuant to the venue statute, but there must be actual presence coinciding with the intent to make it a permanent residence. *Moon* v. *Moon*, 265 Ark. 310, 578 S.W. 2d 203 (1979). The trial court found these two elements existed at the time of filing the complaint. In determining the sufficiency of evidence as to venue on appeal we review the proof in the light most favorable to the appellee, *New York Life Ins. Co.* v. *Weeks*, 201 Ark. 1160, 148 S.W. 2d 330 (1941), and findings of fact will not be set aside unless clearly erroneous. Rule 52 of Rules of Civil Procedure, Ark. Stat. Ann. Vol. 3A (Repl. 1979). Viewing the evidence in that light we cannot say that

the holding of the chancellor was clearly erroneous and we affirm the holding that venue existed in Yell County.

David Bachman was granted a divorce in Yell County. Appellant appeals from a number of specific rulings which were made in the division of property. We reverse and remand on one of those points and affirm the others.

A part of the assets accumulated during the marriage consists of appellee's interests in a profit-sharing trust agreement and in a money-purchase pension plan. The trust and pension plan are owned by a medical professional association in which appellee is a stockholder. The sole purpose of this profit-sharing trust is to enable the employees to share in the profits of the professional association. A participating employee has a vested interest in the plan, which is now fully distributive if an employee leaves the professional association and upon the occurrence of other contingencies. The trustee of the plan can purchase insurance contracts and appellee has $12,000 of cash surrender value in a whole-life policy owned by the plan. The profit-sharing trust can make loans to participating employees. Similarly, the money-purchase pension plan provides that a participating employee has present vested interests which can be paid out upon the occurrence of certain events.

In *Fenney* v. *Fenney*, 259 Ark. 858, 537 S.W. 2d 367 (1976), we held that military retirement pay was not personal property under the property division statute then in effect, § 34-1214 (Repl. 1962). In *Knopf* v. *Knopf*, 264 Ark. 946, 576 S.W. 2d 193 (1979), we held that railroad retirement funds were not divisible under the same statute. The general property division statute now in effect, § 34-1214 (Repl. 1962 and Supp. 1981), or Act 705 of 1979 as amended, defines marital property as all property acquired by either spouse subsequent to the marriage. See *Warren* v. *Warren*, 273 Ark. 528, 623 S.W. 2d 813 (1981). In *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W. 2d 873 (1980), holding that military retirement pay was not marital property, we stated:

Military retirement pay is not a fixed and tangible asset such as a vested pension or profit-sharing plan that

may be collected in a lump sum. Rather, it terminates at the death and has no loan, surrender or redemption value. We agree with the decision of the trial court that military retirement pay is not marital property as contemplated by Act 705 of 1979.

In this case the profit-sharing trust agreement and the money-purchase pension plan have accumulated during the marriage and are marital property. There is nothing speculative or uncertain about the amount of money that appellee could have drawn out on the date of divorce. It belongs to him now, and if he wished, he could withdraw from the professional association and withdraw the money he has accumulated.

The Chancellor made an alternative ruling that, even if the trust and pension plan are marital property, appellant is not entitled to receive any of the proceeds from appellee's vested interests. The applicable section of § 34-1214, the marital property statute, provided in 1980:

> Division of Property. (A) At the time a divorce decree is entered:
>
> (1) all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable, in which event the court shall make some other division that the court deems equitable taking into consideration (1) the length of the marriage; (2) age, health and station in life of the parties; (3) occupation of the parties; (4) amount and sources of income; (5) vocational skills; (6) employability; (7) estate, liabilities and needs of each party and opportunity of each for further acquisition of capital assets and income; (8) contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker. ***

A comparative analysis of the statute and the facts of this case is as follows: (1) The parties were married fifteen years. (2) There is no testimony about the health of the parties. At the time of the divorce appellant was 41 and

appellee was 57. (3) Appellee is a practicing physician and surgeon and appellant is a non-practicing nurse. (4) and (5) He earns approximately $82,000 per year while she has no earnings. (6) He is employed by a professional association and she is employable as a nurse. (7) All of the rest of the substantial property has been divided. (8) His work has produced this property, but it is undisputed that he wanted her to remain in the home. She turned down employment because of his desire that she be a homemaker and active in the community. Her services as a homemaker are to be taken into consideration in determining the contribution of each party.

Upon analysis, we hold that the Chancellor's ruling that appellant was not entitled to any part of this marital property was clearly erroneous. We reverse and hold that she is entitled to one-half of appellee's vested interest both in the trust and in the pension plan which was, on the date of divorce, fully distributive to appellee upon leaving the professional association. The record does not contain this figure and appellant asks one-half ownership of the trust and pension plan. That proposal could be extremely unfair as appellant could then participate in the profits of the professional association earned after the divorce. We have concluded that this case must be reversed and remanded for the trial court to determine this amount and then award it to appellant. In exceptional cases this court may remand an equity case for additional proof if that is necessary to achieve equity. *Arnett* v. *Lillard*, 247 Ark. 931, 448 S.W. 2d 626 (1970).

Appellant urges other issues but we find no reversible error on those points. It would unduly lengthen this opinion to discuss each of them in detail and there would be no real benefit to the litigants, the bench or the bar.

Reversed and remanded as instructed.